| | | |
|---|---|---|
| STEPHEN BARTH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. **4:23-cv-04633** |
| | § | |
| UNITED AIRLINES, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROSENTHAL:

COMES NOW, Plaintiff herein, STEPHEN BARTH, hereby filing this First Amended Complaint against UNITED AIRLINES, INC., Defendant herein, and for cause of action would show unto the Court the following:

### **PARTIES**

1. Plaintiff, STEPHEN BARTH, is an individual who is a citizen of the State of Texas.

2. Defendant, UNITED AIRLINES, INC. ("UNITED"), a corporation, is and was at all times material, doing business in Texas and may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### **JURISDICTION**

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, in so far as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 29, 1999 (the "Montreal Convention")

<u>**VENUE**</u>

4.     Venue is proper in the judicial district pursuant to Article 33(1) of the Montreal Convention.

<u>**CONDITIONS PRECEDENT**</u>

5.     All conditions precedent, if any, have been performed or have occurred.

<u>**FACTS**</u>

6.     Defendant UNITED is a common carrier engaged in the business of transporting passengers for hire by air and, in furtherance thereof, operates regularly scheduled international flights which transport passengers daily to and from both Houston, Texas and Panama City, Panama via George Bush Intercontinental Airport (IAH) and Tocumen International Airport (PTY).

7.     In furtherance of its operations as a common carrier, Defendant UNITED employs agents, attendants, servants, and/or contractors to assist passengers during the process of embarking its aircraft.

8.     On or about November 19, 2021, Defendant UNITED operated and controlled an international flight, UA1916, from IAH in Houston, Texas, to PTY in Panama City, Panama (the "Flight").

9.     Plaintiff was a ticketed passenger on the Flight.

10.     However, after Plaintiff took his aisle seat and while everyone on the aircraft was still preparing to push back from the gate, a full metal water bottle fell from the overhead bin and struck Plaintiff in the head (the "Accident in Question").

11.     As a direct result of the Accident in Question, Plaintiff suffered a concussion and woke up with significant pain in the right rear of his head where he was struck with the full metal

water bottle. Since the Accident in Question, Plaintiff has suffered ongoing issues from his concussion, including dizziness, headaches, nausea, and imbalance.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED AIRLINES, INC.

12. The Accident in Question and Plaintiff's resulting injuries constitute an "accident" as defined by Article 17 of the Montreal Convention insofar as the Plaintiff was injured by an unexpected or unusual event or occurrence external to his person and not by his own internal reaction to the ordinary operation of the aircraft.

13. Defendant UNITED's negligence, disregard for passenger safety, and failure to safely assist and protect passengers while loading and preparing to depart, proximately caused the Accident in Question and the Plaintiff's resulting injuries.

14. Defendant UNITED was at all times a common carrier and owed Plaintiff the highest degree of care.

15. Defendant UNITED breached its duties to Plaintiff and is strictly liable to Plaintiff for his full measure of damages.

16. Defendant UNITED cannot meet its burden of proving that its negligence did not cause or contribute to the Accident in Question and resulting injuries for Plaintiff.

## DAMAGES

17. As a result of said Accident in Question, Plaintiff was seriously injured.

18. As a result of the Accident in Question, Plaintiff suffered great pain, agony, and mental anguish in the past, and he shall continue to suffer from the same injuries for the foreseeable future.

19. As a result of the Accident in Question, Plaintiff was forced to expend money on medical treatment.

20. As a result of the Accident in Question, Plaintiff was deprived of his enjoyment of life.

21. As a result of the Accident in Question, Defendant UNITED is liable to pay full, fair, and reasonable damages to Plaintiff pursuant to the Montreal Convention.

## JURY DEMAND

22. Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## PRAYER

**WHEREFORE**, Plaintiff respectfully prays that he recover judgment of and from Defendant UNITED for the damages described herein, plus all costs of court, prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, and all other relief, both general and special, at law or in equity, to which Plaintiff is justly entitled under the facts and circumstances of this case.

Respectfully submitted,

**SLACK DAVIS SANGER LLP**

/s/ *Mitchell E. McCrea*
Ladd C. Sanger, Esq.
Texas State Bar No. 00797378
Mitchell E. McCrea, Esq.
Texas State Bar No. 24041435
3500 Maple Avenue, Ste 1200
Dallas, Texas 75219
Telephone: (214) 528-8686
lsanger@slackdavis.com
mmccrea@slackdavis.com

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this the 18th day of April 2024.

/s/ *Mitchell E. McCrea*
**MITCHELL E. MCCREA**